## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SYLVIA F.,**[1] | Case No. 6:25-cv-00736-IM |
| Plaintiff, | **OPINION AND ORDER AFFIRMING THE DENIAL OF PLAINTIFF'S APPLICATION** |
| v. | |
| **COMMISSIONER, SOCIAL SECURITY ADMINISTRATION**, | |
| Defendant. | |

Rory Linerud, Linerud Law Firm, P.O. Box 5734, Salem, OR 97304. Attorney for Plaintiff.

Scott E. Bradford, U.S. Attorney, and Kevin Danielson, Executive Assistant U.S. Attorney, 1000 SW Third Avenue, Suite 600, Portland, Oregon 97204; and Michael J. Mullen, Special Assistant U.S. Attorney, Office of the General Counsel, Social Security Administration, 6401 Security Boulevard, Baltimore, MD 21235. Attorneys for Defendant.

**IMMERGUT, District Judge**

Plaintiff Sylvia F. seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security denying her benefits. For the reasons stated below, the Commissioner's decision is AFFIRMED and this case is DISMISSED.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

PAGE 1 – OPINION AND ORDER

**PROCEDURAL BACKGROUND**

On April 17, 2018, Plaintiff applied for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, alleging disability beginning July 24, 2017. AR 189–95. The Social Security Administration ("SSA") denied her application initially and upon reconsideration. AR 129–33, 138–40. Plaintiff filed a Request for Hearing by an ALJ on February 18, 2020, but was denied on February 11, 2021. AR 19–43, 141. Plaintiff appealed to this Court, and this Court issued a decision setting aside the ALJ's denial and remanded the case back to the Commissioner for further proceedings on December 5, 2022. AR 1539–1541. Following remand, an additional hearing was held on January 12, 2024 before Administrative Law Judge ("ALJ") Richard Geib. AR 1477–1501. On February 28, 2024, the ALJ issued a decision finding that Plaintiff had not been under a disability from the alleged onset date through the date last insured. AR 1439–64. Plaintiff requested review of the decision, which the Appeals Council denied. AR 1–7. This appeal followed.

**THE ALJ'S FINDINGS**

At step one of the sequential evaluation process, the ALJ determined that Plaintiff had not engaged in substantial gainful activity between the alleged onset date of July 24, 2017, through the date last insured, December 31, 2022. AR 1444. At step two, the ALJ found that Plaintiff had the following severe impairments: migraines, moderate persistent asthma, and lumbar spine condition. AR 1445. At step three, the ALJ found no impairment or combination of impairments that met or medically equaled the severity of any impairment listed in Appendix I to Subpart P of Part 404 of Title 20, Code of Federal Regulations. AR 1448–49. The ALJ then assessed Plaintiff's residual functional capacity ("RFC"), finding that Plaintiff can perform light work as defined in 20 C.F.R. § 404.1567(b), with the following additional exertional limitations:

> [S]he could occasionally reach overhead; she could occasionally climb, balance, stoop, kneel, crouch and crawl; and she should have had no exposure to fumes, gases, dust, odors, or other pulmonary irritants and workplace hazards.

AR 1449.

At step four, the ALJ found that Plaintiff was able to perform her past relevant work as a receptionist and administrative clerk. AR 1463–64. Accordingly, the ALJ did not proceed to step five and concluded that Plaintiff was not disabled. AR 1464.

## STANDARD OF REVIEW

The district court must uphold the Commissioner's decision if it is supported by substantial evidence and based on the proper legal standards. 42 U.S.C. § 405(g); *see also Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal quotation marks omitted). When "evidence is susceptible of more than one rational interpretation," the ALJ's conclusion "must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Errors in the ALJ's decision do not warrant reversal if they are harmless. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

## DISCUSSION

Plaintiff raises two issues with the ALJ's decision. Plaintiff argues the ALJ erred by (1) improperly discounting Plaintiff's subjective symptom testimony, and by (2) failing to include all of Plaintiff's alleged migraine-related restrictions in the RFC.

**A.  The ALJ Did Not Err in Evaluating Plaintiff's Subjective Testimony**

Plaintiff argues that "[t]he ALJ erred by providing no legitimate basis to reject [Plaintiff]'s testimony regarding [her] severe and incapacitating migraines." Plaintiff's Opening Brief ("Pl. Br."), ECF 8 at 15.

There is a two-step process used in the Ninth Circuit for evaluating a claimant's testimony about the severity and effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ "must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

Second, "if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Id*. (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citation omitted). In accord with this standard, the ALJ provided clear and convincing reasons for discounting Plaintiff's subjective symptom testimony about the extent of her limitations.

The ALJ, applying the first step of the credibility framework, found that "[Plaintiff]'s medically determinable impairments could reasonably be expected to cause the alleged symptoms[.]" AR 1450. However, the ALJ went on, "[Plaintiff]'s statements concerning the intensity, persistence and limiting effects of [her alleged] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." *Id*.

PAGE 4 – OPINION AND ORDER

First, the ALJ noted "significant inconsistencies" between Plaintiff's testimony regarding her migraines and the objective medical record. AR 1450–58. In his decision, the ALJ noted medical records that showed Plaintiff did not describe her headaches to the severity and frequency she alleged at the hearing. AR 1454. The ALJ noted that in June 2017, Plaintiff reported having a headache the day she was in a motor vehicle accident, but none since. AR 1454 (citing AR 554). The ALJ then noted that in September, October, and December 2017, May 2018, July 2019, December 2019, and January 2020, Plaintiff specifically denied having headaches. AR 1454 (citing AR 435, 439, 542, 682, 980, 1023, 1027). Those records contradict Plaintiff's hearing testimony that she had twenty to thirty migraines a month. AR 1485.

The ALJ also highlighted that Plaintiff "presented with normal neurological examinations and normal brain imaging[.]" AR 1454 (citing AR 821–22 (noting normal brain imaging), 1368 (noting normal MRI and trigeminal nerve), 1427 ("Neurological exam is normal, there is no evidence of secondary cause of headache"). The ALJ acknowledged the difficulty Plaintiff's providers had in pinpointing the cause of her headaches, stating that they could be a symptom of trigeminal neuralgia or SUNCT, [2] but after two different neurological consultations, her provider stated her symptoms are inconsistent with SUNCT syndrome and are more akin to typical migraines. AR 1455 (citing AR 2363). This was particularly so because Plaintiff's description of her headaches often varied from visit to visit. *Id*. Those records contradict Plaintiff's hearing testimony that her headaches are solely caused by "[SUNCT] syndrome" and cause her "to be in bed for[] three hours." AR 44, 48.

---

[2] Symptoms of SUNCT headache include frequent and intense episodes of pain that last from seconds to a few minutes. These episodes typically occur around one eye and temple, and are often described as burning, stabbing, or throbbing. *SUNCT Headache*, Penn Med., https://www.pennmedicine.org/conditions/sunct-headache (last visited Apr. 14, 2026).

Furthermore, the ALJ indicated that Plaintiff made an inconsistent statement to her provider in April 2018, namely that she could afford *not* to work, and that if she did return to work, she would only work three days a week and it would be after she healed from her last dental surgery. AR 1459 (citing AR 512). The ALJ then explained that this raises a question as to whether Plaintiff's unemployment was truly a result of her allegedly disabling medical problems. AR 1459. The ALJ was well within his authority to reach such a conclusion. Plaintiff's statement to her provider stands in stark contrast to her testimony that she is totally disabled. The ALJ is permitted to rely on a claimant's own inconsistent statements to discount subjective testimony of disability. *See Smolen*, 80 F.3d at 1284. The ALJ thus properly established several inconsistencies between the medical record and Plaintiff's testimony.

Second, the ALJ noted that Plaintiff's migraines significantly improved with treatment. An ALJ may also use evidence of improvement with treatment to discount a claimant's contrary testimony. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ cited a November 2019 treatment note where Plaintiff reported her pain was still present, but it was much more tolerable and most of the time it was markedly improved due to medication revision. AR 1455 (citing AR 1392). The ALJ next noted that in July 2020, Plaintiff reported to her provider that she felt her headaches had improved and were not occurring as often, despite tapering down one of her medications. AR 1455 (citing AR 1777–78). The ALJ explained that Plaintiff received a series of greater occipital nerve blocks and trigger point injections in February 2021, later reporting sustained improvement at a two-month follow-up appointment. AR 1455 (citing AR 2214). As a result, Plaintiff reported experiencing neck or facial pain four times a month, had fifteen milder headaches per month, and was referred for repeat injections due to their relieving effect. *Id*. Lastly, the ALJ noted that in September 2021, Plaintiff's

PAGE 6 – OPINION AND ORDER

neurologist considered her headaches well-controlled on her current medication regimen. AR 1455 (citing AR 3124). As is always the case in an appeal of the Commissioner's denial of disability benefits, Plaintiff would construe the evidence differently than the ALJ. Nonetheless, the ALJ's analysis complied with the legal principles set forth above which guided his analysis of the evidence in this case. Even if the evidence could arguably support Plaintiff's interpretations, the Court may not substitute its judgment for that of the Commissioner. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997). The ALJ's finding that improvement with treatment in the record undermined Plaintiff's testimony is thus supported by substantial evidence.

Third, the ALJ noted inconsistencies between Plaintiff's testimony and her activities of daily living. An ALJ may consider whether a Plaintiff's daily activities are inconsistent with her alleged symptoms. *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022); *see also* 20 C.F.R. § 404.1529(c)(3)(i). "Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (citations omitted), superseded on other grounds by regulation, Revisions to Rules Regarding the Evaluation of Medical Evidence; Correction, 82 Fed. Reg. 15132-01 (Mar. 27, 2017).

The ALJ indicated that Plaintiff's description of her daily activities reveal that she was quite active despite her alleged complaints of pain and fatigue. AR 1458. First, the ALJ noted that in September 2017, she reported walking every day and swimming for exercise. AR 1458 (citing AR 486, 541). In April 2018, she reported walking at least 1.5 miles a day. AR 1458 (citing AR 736). In December 2019, she described her exercise level as moderate (three to four times a week) and in January 2019, she was walking more for exercise. AR 1458 (citing AR

PAGE 7 – OPINION AND ORDER

1036, 1093). The ALJ then stated that Plaintiff is able to drive and travel independently three times a week, prepare meals one to two times a day, spend time with her husband daily, and spend time with her grandchildren three evenings a week. AR 1458 (citing AR 827). In December 2021 and February 2022, she reported having a moderate activity level, exercising two to three times a week. AR 1459 (citing AR 1820, 2956). The ALJ highlighted that as of February 2022, Plaintiff reported she was able to participate in her activities of daily living without complication. AR 1459 (citing AR 2952).

The ALJ also described Plaintiff's travel activities, noting that she often vacations at the Oregon coast and Eastern Oregon, has flown to Florida, visited Yellowstone National Park, and has gone on a cruise. AR 1459 (citing AR 492, 494, 512). The ALJ properly explained that "although traveling and a disability are not necessarily mutually exclusive, [Plaintiff]'s decision to go traveling tends to suggest the alleged symptoms and limitations may have been overstated." AR 1459; *see Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002) (holding that an ALJ may consider inconsistencies either in the claimant's testimony or between the claimant's testimony and his or her conduct when weighing the claimant's credibility); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors").

Because Plaintiff's daily activities contradicted her allegations of a totally debilitating impairment, the ALJ did not err as Plaintiff contends. *See Molina*, 674 F.3d at 1113; *see also Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (affirming ALJ's decision to discount a claimant's testimony in part because the claimant's testimony about the intensity of her pain was

inconsistent with her ability "to perform various household chores such as cooking, laundry, washing dishes, and shopping.").

As discussed above, in discounting a claimant's testimony the ALJ must offer "specific, clear and convincing reasons for doing so." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (citations omitted). "The standard isn't whether [the] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499. That standard is met here. The ALJ did not err in discounting Plaintiff's subjective symptom testimony due to inconsistencies between that testimony and record evidence.

## B. RFC Determination

Plaintiff's second assignment of error is that the ALJ's RFC fails to account for all of Plaintiff's limitations. The RFC must contemplate all medically determinable impairments, including those which the ALJ found non-severe, and evaluate all the relevant testimony, including the opinions of medical providers and the subjective symptom testimony set forth by the claimant. 20 C.F.R. §§ 404.1545, 404.1545; SSR 96-8p. In formulating the RFC, the ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Only those limitations which are supported by substantial evidence must be incorporated into the RFC. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163–65 (9th Cir. 2001).

Here, Plaintiff's argument that the RFC failed to account for all her functional limitations are specifically tied to the ALJ's discounting of Plaintiff's symptom testimony. Plaintiff takes issue that the ALJ failed to account for her sensitivity to light or how long she would be off-task due to her migraines when forming the RFC. Pl. Br. at 5–9. But Plaintiff has not articulated an independent error here. In making an RFC determination, the ALJ may take into account those limitations for which there is record support that do not depend solely on Plaintiff's claims.

PAGE 9 – OPINION AND ORDER

*Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Plaintiff's allegations of light sensitivity and potential absenteeism rest entirely on her subjective testimony, which the ALJ properly discounted as previously discussed. This Court cannot "engage in second-guessing" of how the ALJ evaluated Plaintiff's RFC; this Court must only ask whether substantial evidence supports the ALJ's ultimate conclusions. *Thomas*, 278 F.3d at 959. Because such evidence is found in the record, this Court affirms the ALJ's decision and the Commissioner's decision in turn.

## CONCLUSION

For the reasons given above, the Commissioner's decision is AFFIRMED and this case is DISMISSED.


**IT IS SO ORDERED**.

DATED this 22nd day of June, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 10 – OPINION AND ORDER